UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JESSICA MILLING**                                                            **PLAINTIFF**

**vs.**                                             **CAUSE NO. 3:18-CV-00140-CWR-FKB**

**MINNESOTA LIFE INSURANCE COMPANY,**
**PRIORITYONE BANK, JOHN AND JANE**
**DOES 1 – 10**                                                 **DEFENDANTS**

### ANSWER AND AFFIRMATIVE DEFENSES
### OF DEFENDANT PRIORITYONE BANK

**COMES NOW** Defendant PriorityOne Bank ("Defendant") by and through undersigned counsel, and file this Answer and Affirmative Defenses to Plaintiff's Complaint.

### First Defense

The Plaintiff's claims are subject to an executed account agreement which contained a clause agreeing to waive any right to a jury trial and to settle any dispute with this defendant through binding arbitration. Plaintiff's claims have not been submitted to binding arbitration as required by said agreement. No civil action should be allowed since this matter is subject to binding arbitration. Therefore, Plaintiff's claims should be subject to binding arbitration.

### Second Defense

Plaintiff's Complaint fails to state a claim upon which relief can be granted and should be dismissed in accordance with Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant has been improperly and/or fraudulently joined in this matter and should be dismissed.

### Third Defense

Defendant reserves each and every defense available to it under Rule 12 of the Federal Rules of Civil Procedure.

### Fourth Defense

Any and all injuries or damages alleged by Plaintiff were solely and proximately caused by Plaintiff's own acts or omissions, for which Defendant is not liable, and Defendant reserves the right to assert contributory fault on the part of Plaintiff in this matter.

### Fifth Defense

Defendant asserts that Plaintiff's alleged injuries, if any, resulted solely and proximately from conditions and conduct for which Defendant is not liable or responsible.

### Sixth Defense

Defendant asserts that the sole and proximate cause of Plaintiff's alleged damages is a result of acts and omissions of persons and entities other than Defendant, for which Defendant is not liable and for which Defendant reserves the right to have the jury apportion fault in accordance with Mississippi law.

### Seventh Defense

If Plaintiff is entitled to any recovery against Defendant, which is denied, then Defendant specifically pleads the provisions of Section 85-5-7 of the Mississippi Code, and any recovery against Defendant must be limited in accordance with the same.

### Eighth Defense

Defendant affirmatively pleads and alleges it acted at all relevant times in a commercially reasonable manner and in accordance with prudent and standard banking practices.

### Ninth Defense

To the extent any injuries or damages suffered by Plaintiff are not related to the subject matter of Plaintiff's Complaint, Plaintiff is not entitled to recover any such damages from Defendant.

### Tenth Defense

Defendant alleges that it observed and discharged each and every duty, contractual or otherwise, to the extent any such duties existed, required of it by law and due care. Defendant has no contractual duty or obligation to pay the Plaintiff any claim.

### Eleventh Defense

Plaintiff has a duty and obligation to mitigate her damages. If Plaintiff has failed or refused to mitigate its alleged damages, it is barred from recovering any damages that resulted from such failure or refusal to mitigate.

### Twelfth Defense

Defendant is not liable to Plaintiff for any negligence, conduct, action, failure, or omission on the part of any other party or nonparty which caused or contributed to the subject matter of Plaintiff's Complaint and/or to Plaintiff's damages, if any.

### Thirteenth Defense

Plaintiff's Complaint fails to specifically allege any facts which would warrant the imposition of punitive damages. In the event the Court determines this position is incorrect and decides to permit jury consideration of the issue of punitive damages, then Defendant respectfully invokes the full provisions of Section 11-1-65 of the Mississippi Code and further requests bifurcation of the issues of liability and compensatory damages from the issue of punitive damages as provided by the same.

### Fourteenth Defense

Although denying Plaintiff is entitled to punitive damages or any relief whatsoever, Defendant, to the extent Plaintiff is seeking punitive damages, affirmatively pleads that:

1. Plaintiff's claim for punitive damages against Defendant has no basis in law or fact;

2. Punitive damages are not recoverable because the allegations of Plaintiff's Complaint are insufficient to support a claim for punitive damages against Defendant;

3. Any award of punitive damages in this civil action would amount to a deprivation of property without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Article III, Section 14 of the Constitution of the State of Mississippi;

4. Any award of punitive damages in this civil action would violate the due-process provisions of the Fifth and Fourteenth Amendments to the United States Constitution and Article III, Section 14 of the Constitution of the State of Mississippi;

5. The criteria used for determining whether and in what amount punitive damages may be awarded are impermissibly vague, imprecise, and inconsistent and therefore violate the due-process provisions of the Fifth and Fourteenth Amendments to the United States Constitution;

6. Any award of punitive damages in this civil action would amount to an excessive fine in violation of the Eighth Amendment to the United States Constitution and Article III, Section 28 of the Constitution of the State of Mississippi;

7. Any award of punitive damages in this civil action would violate the equal-protection provisions of the Fourteenth Amendment to the United States

    Constitution in that such a sanction is discriminatory and arbitrary in penalizing Defendant on the basis of assets;

8. To the extent that Defendant is subjected to a criminal sanction through punitive damages, the burden of proof required to impose the same should be "beyond a reasonable doubt," and punitive damages should not be awarded without affording Defendant the full range of criminal procedural safeguards granted by the Fourth, Fifth, and Sixth Amendments to the United States Constitution;

9. An award of punitive damages would violate Article I, Section 10 of the United States Constitution; and

An award of punitive damages in this civil action would violate similar and related provisions, as noted above, of the Constitution, common law, and statutory law of the State of Mississippi.

## Fifteenth Defense

To the extent Plaintiff has made a claim for punitive damages, Defendant asserts all rights, benefits, and privileges to which it is entitled in accordance with the United States Supreme Court's decisions in *State Farm Mutual Auto Insurance Co. v. Campbell*, 538 U.S. 408 (2003), and *Exxon Shipping Co. v. Baker*, 128 S. Ct. 2605 (2008).

## Sixteenth Defense

Without waiving any defense, Defendant further asserts, pleads, and invokes all rights and laws afforded it under the session laws from House Bill 19 of the Mississippi Legislature's 2002 Third Extraordinary Session and House Bill No. 13 of the Mississippi Legislature's 2004 First Extraordinary Session.

### Seventeenth Defense

Without waiving any defense, Defendant affirmatively pleads, invokes, and asserts any applicable provisions, protections, rights, remedies, privileges, and defenses available to it under any contracts or agreements related to the allegations in the Complaint, Defendant's defenses, any issues raised by said allegations or defenses, and/or all applicable provisions of state and federal law.

### Eighteenth Defense

Without waiving any defenses, Defendant affirmatively pleads and alleges that it fulfilled its contractual and legal obligations, if any, to Plaintiff.

### Nineteenth Defense

Defendant affirmatively pleads and alleges that at all relevant times, it acted in good faith and dealt fairly with Plaintiff and that at no time did it commit any act of bad faith or tortious conduct.

### Twentieth Defense

Defendant gives notice that it intends to rely upon any other and additional defenses that are now or may become available or appear during or as a result of the discovery proceedings in this action and reserves its right to amend its Answer and Defenses to assert such defenses.

### Twenty-First Defense

In the event that Defendant failed to address any allegations contained within Plaintiff's Complaint which would render it liable to Plaintiff in any manner, all allegations not specifically admitted within Defendant's Answer and Defenses to Plaintiff's Complaint are denied. Further, if there are any affirmative defenses which Defendant has failed to set forth, it specifically

reserves the right to amend Defendant's Answer and Defenses to Plaintiff's Complaint to include any such defenses.

### Twenty-Second Defense

The facts having not been fully developed, Defendant pleads the following affirmative defenses as may be applicable to this action: Plaintiff's failure to mitigate damages or take reasonable steps to avoid damages and to exercise ordinary care; election of remedies; accord and satisfaction; arbitration and award; assumption of risk; contributory negligence; discharge in bankruptcy; duress; estoppel; failure of consideration; fraud; illegality; injury by fellow servant; laches; license; payment; release; res judicata; statute of frauds; statute of limitations; waiver; and any other matter constituting an avoidance or affirmative defense, including any defense or motions available to Defendant under Rule 12 of the Federal Rules of Civil Procedure, such as lack of jurisdiction over the subject matter, lack of jurisdiction over the person, improper venue, insufficiency of process, insufficiency of service of process, and failure to state a claim upon which relief can be granted. Defendant further reserves the right to assert any additional affirmative defenses that may be deemed applicable as discovery progresses.

### Twenty-Third Defense (Answer)

### Parties

1. Defendant is without knowledge or information sufficient to admit or deny the allegations of paragraph 1 of the Complaint, and therefore denies the same.

2. The allegations of paragraph 2 of the Complaint do not pertain to this Defendant and therefore no response is required. In the event that or to the extent that it is determined the allegations of this paragraph do pertain to this Defendant, Defendant is without knowledge or information sufficient to admit or deny the allegations therein, and therefore denies the same.

3. Defendant admits the allegations of paragraph 3 of the Complaint.

4. The allegations of paragraph 4 of the Complaint do not pertain to this Defendant and therefore no response is required. In the event that or to the extent that it is determined the allegations of this paragraph do pertain to this Defendant, Defendant is without knowledge or information sufficient to admit or deny the allegations therein, and therefore denies the same.

## Jurisdiction

5. Defendant denies the allegations of paragraph 5 of the Complaint.

## Venue

6. Defendant denies the allegations of paragraph 6 of the Complaint.

## Facts

7. Defendant denies the allegations of paragraph 7 of the Complaint.

8. Defendant denies the allegations of paragraph 8 of the Complaint.

9. Defendant denies the allegations of paragraph 9 of the Complaint.

10. Defendant denies the allegations of paragraph 10 of the Complaint.

11. Defendant denies the allegations of paragraph 11 of the Complaint.

12. Defendant denies the allegations of paragraph 12 of the Complaint.

13. Defendant denies the allegations of paragraph 13 of the Complaint.

14. Defendant denies the allegations of paragraph 14 of the Complaint.

15. The allegations of paragraph 15 of the Complaint do not pertain to this Defendant and therefore no response is required. In the event that or to the extent that it is determined the allegations of this paragraph do pertain to this Defendant, Defendant is without knowledge or information sufficient to admit or deny the allegations therein, and therefore denies the same.

## Causes of Action

### Count 1: Breach of Contract

16. Defendant re-alleges and incorporates its answers to Paragraphs 1-15 of Plaintiff's Complaint in their entirety.

17. Defendant denies the allegations of paragraph 17 of the Complaint.

18. Defendant denies the allegations of paragraph 18 of the Complaint.

19. Defendant denies the allegations of paragraph 19 of the Complaint, including all subparts.

20. Defendant denies the allegations of paragraph 20 of the Complaint.

21. Defendant denies the allegations of paragraph 21 of the Complaint.

### Count 2: Bad Faith Breach of Contract as Required by the Contract and the Laws of the State of Mississippi

22. Defendant re-alleges and incorporates its answers to Paragraphs 1-21 of Plaintiff's Complaint in their entirety.

23. Defendant denies the allegations of paragraph 23 of the Complaint.

24. Defendant denies the allegations of paragraph 24 of the Complaint.

25. Defendant denies the allegations of paragraph 25 of the Complaint.

26. Defendant denies the allegations of paragraph 26 of the Complaint.

27. Defendant denies the allegations of paragraph 27 of the Complaint.

### Count 3: Breach of Fiduciary Duty

28. Defendant re-alleges and incorporates its answers to Paragraphs 1-27 of Plaintiff's Complaint in their entirety.

29. Defendant denies the allegations of paragraph 29 of the Complaint.

30. Defendant denies the allegations of paragraph 30 of the Complaint.

31. Defendant denies the allegations of paragraph 31 of the Complaint.

## Count 4: Conversion

32. Defendant re-alleges and incorporates its answers to Paragraphs 1-31 of Plaintiff's Complaint in their entirety.

33. Defendant denies the allegations of paragraph 33 of the Complaint.

34. Defendant denies the allegations of paragraph 34 of the Complaint.

35. Defendant denies the allegations of paragraph 35 of the Complaint.

36. Defendant denies the allegations of paragraph 36 of the Complaint.

## Count 5: Negligence

37. Defendant re-alleges and incorporates its answers to Paragraphs 1-36 of Plaintiff's Complaint in their entirety.

38. Defendant denies the allegations of paragraph 38 of the Complaint, including all subparts.

39. Defendant denies the allegations of paragraph 39 of the Complaint.

40. Defendant denies the allegations of paragraph 40 of the Complaint.

## Count 6: Gross Negligence

41. Defendant re-alleges and incorporates its answers to Paragraphs 1-40 of Plaintiff's Complaint in their entirety.

42. Defendant denies the allegations of paragraph 42 of the Complaint.

43. Defendant denies the allegations of paragraph 43 of the Complaint.

## Count 7: Intentional Mispresentation

44. Defendant re-alleges and incorporates its answers to Paragraphs 1-43 of Plaintiff's Complaint in their entirety.

45. Defendant denies the allegations of paragraph 45 of the Complaint.

46. Defendant denies the allegations of paragraph 46 of the Complaint.

47. Defendant denies the allegations of paragraph 47 of the Complaint.

48. Defendant denies the allegations of paragraph 48 of the Complaint.

### Count 8: Negligent Misrepresentation

49. Defendant re-alleges and incorporates its answers to Paragraphs 1-48 of Plaintiff's Complaint in their entirety.

50. Defendant denies the allegations of paragraph 50 of the Complaint.

51. Defendant denies the allegations of paragraph 51 of the Complaint.

52. Defendant denies the allegations of paragraph 52 of the Complaint.

### Count 9: Intentional Infliction of Emotional Distress

53. Defendant re-alleges and incorporates its answers to Paragraphs 1-52 of Plaintiff's Complaint in their entirety.

54. Defendant denies the allegations of paragraph 54 of the Complaint.

55. Defendant denies the allegations of paragraph 55 of the Complaint.

56. Defendant denies the allegations of paragraph 56 of the Complaint.

### Count 10: Declaratory Judgment

57. Defendant re-alleges and incorporates its answers to Paragraphs 1-56 of Plaintiff's Complaint in their entirety.

58. Defendant denies the allegations of paragraph 58 of the Complaint.

59. Defendant denies the allegations of paragraph 59 of the Complaint.

60. Defendant denies the allegations of paragraph 60 of the Complaint.

**Damages**

61. Defendant re-alleges and incorporates its answers to Paragraphs 1-60 of Plaintiff's Complaint in their entirety.

62. Defendant denies the allegations of paragraph 62 of the Complaint. Defendant further specifically denies Plaintiff is entitled to damages in any amount.

63. Defendant denies the allegations of paragraph 63 of the Complaint. Defendant further specifically denies Plaintiff is entitled to damages in any amount.

Defendants deny all allegations contained in the final, unnumbered paragraph of Plaintiff's Complaint beginning with "WHEREFORE, PREMISES CONSIDERED" and deny that Plaintiff is entitled to damages in any amount.

WHEREFORE, PREMISES CONSIDERED, Defendant PriorityOne Bank respectfully requests that the Court dismiss all claims against it with prejudice. Defendant further requests any and all other relief as the Court deems just and appropriate.

RESPECTFULLY SUBMITTED this the 16th day of March, 2018.

**PriorityOne Bank**

By: s/ C. Philip Buffington, Jr.
*One of Its Attorneys*

OF COUNSEL:

C. Phillip Buffington, Jr. (MSB No. 7035)
Adam V. Griffin (MSB No. 103560)
Adams and Reese LLP
1018 Highland Colony Parkway, Suite 800
Ridgeland, Mississippi 39157
Telephone: 601.353.3234
Fax: 601.355.9708
phil.buffington@arlaw.com
adam.griffin@arlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

>Kannan Stubbs
>Terrell Stubbs
>The Stubbs Law Firm, PLLC
>201 Main Avenue North
>P. O. Box 1688
>Magee, MS  39111
>601-849-3993
>*Attorneys for Plaintiff Jessica Milling*
>
>Kelly D. Simpkins
>Wells Marble & Hurst, PLLC
>300 Concourse Boulevard, Suite 200
>Ridgeland, MS 39157
>P.O. Box 131
>Jackson MS 39205-0131
>*Attorney for Defendant Minnesota Life Insurance Company*

This the 16th day of March, 2018.

s/ C. Philip Buffington, Jr.
C. Phillip Buffington, Jr.
