**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**JESSICA MILLING**                                                                            **PLAINTIFF**

**VS.**                                     **CIVIL ACTION NO.: 3:18-cv-00140-CWR-FKB**

**MINNESOTA LIFE INSURANCE COMPANY,**                   **DEFENDANT**
**PRIORITY ONE BANK, JONE and JANE DOES 1-10**

**MINNESOTA LIFE INSURANCE COMPANY'S
OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

Defendant Minnesota Life Insurance Company ("Minnesota Life") files this its Opposition to Plaintiff's Motion to Remand:

1. This action arises out of Minnesota Life's denial of Plaintiff's claim for accidental death benefits. Plaintiff asserts two grounds for remand: "i. Breach of Contract" and "ii. Declaratory Judgment." The decedent, Matthew Milling, was driving while under the influence of hydrocodone, having three times the prescribed amount in his bloodstream. He crossed over the median causing a fatal collision. Group Policy No. 375298-G-US (the "Policy") was issued by Minnesota Life to Financial Services Association ("FSA"). PriorityOne Bank ("PriorityOne") was the sponsor of the program and paid for the first $1,000 of coverage as a benefit to its customers. PriorityOne is not an insurance company, not the insurer of the Policy, not a party to the Policy and not liable for payment of benefits under the Policy.

2. Plaintiff nevertheless claims that PriorityOne is an insurer at least for the $1,000 in coverage. Plaintiff makes the patently false allegation that "PriorityOne is designated as an insurer in the schedule of benefits." [Dkt. #9, p.2] Plaintiff also claims that because Minnesota Life's welcome letter states that the first $1,000 is "provided through PriorityOne Bank," PriorityOne is the insurer. [Dkt. #9, p. 6]

3. Plaintiff's claim is specious. The four corners of the Complaint, which includes the certificate of coverage and policy terms, clearly and unambiguously states that Minnesota Life, and only Minnesota Life, is the insurer and in no way suggests that Plaintiff can look to PriorityOne for payment of *any* accidental death benefits under the Policy. Additionally, all other documents are consistent with Minnesota Life being the sole insurer. The Activation Form Mr. Millings signed to obtain the $1,000 coverage and elect the $300,000 coverage states that Minnesota Life is the insurer. The claim forms and claim correspondence are likewise indicative of Minnesota Life being the sole insurer and PriorityOne having no liability under the Policy.

4. Plaintiff also argues that because her Complaint asserts a count for declaratory relief under Rule 57 of the Mississippi Rules of Civil Procedure ("MRCP"), it somehow provides the possibility of recovery against PriorityOne. However, MRCP 57 does not provide substantive rights. Instead it provides a *procedure* for determining legal rights. Here, the declaratory relief she seeks is duplicative of her claim for breach of contract against PriorityOne. MRCP 57 allows a party to seek declaratory relief before or after a breach of contract but is not contemporaneously with a breach of contract in a first party insurance policy.

5. Plaintiff's procedural grounds for remand is based upon the alleged failure of Minnesota Life "to obtain the required consent or joinder of all co-defendants in their removal petition." [Doc. #8, p. 5] Plaintiff's contention is without merit. It is a well-established rule that con

6. In addition to all pleadings and papers on file, Minnesota Life relies upon the Declaration of Charles F. Nettell attached hereto as Exhibit 1.

2

WHEREFORE, PREMISES CONSIDREED, Minnesota Life Insurance Company hereby respectfully requests that the Plaintiff's Motion to Remand be denied as well as her claim for attorney fees and expenses.

This, the 18th day of April, 2018.

          Respectfully submitted,

          **MINNESOTA LIFE INSURANCE COMPANY**

          By: *s/ Kelly D. Simpkins*
            Kelly D. Simpkins (MSB #9028)
            Its Attorney

OF COUNSEL:

WELLS MARBLE & HURST, PLLC
300 Concourse Boulevard, Suite 200
Ridgeland, Mississippi 39157
Post Office Box 131
Jackson, Mississippi 39205-0131
Telephone: 601-605-6900
Facsimile: 601-605-6901
ksimpkins@wellsmarble.com

## CERTIFICATE OF SERVICE

I, Kelly D. Simpkins, do hereby certify that I have filed the foregoing **Opposition to Plaintiff's Motion to Remand** with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

>Kannan Stubbs, Esq.
>Terrell Stubbs, Esq.
>The Stubbs Law Firm, PLLC
>120 W. Court Avenue
>Mendenhall, Mississippi 39114
>**ATTORNEY FOR PLAINTIFF**
>
>C. Phillip Buffington, Jr.
>Adam V. Griffin
>Adams and Reese, LLP
>1018 Highland Colony Parkway, Suite 800
>Ridgeland, Mississippi  39157
>**ATTORNEY FOR PRIORITY ONE BANK**

This, the 18th day of April, 2018.

>*s/ Kelly D. Simpkins*
>Kelly D. Simpkins

#264080